**Antonio Tonton SLACK, Petitioner— Appellant,**

v.

**E.K. MCDANIEL; Frankie Sue Del Papa, Respondents—Appellees.**

**No. 04–16188.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2005.

Decided July 27, 2005.

John C. Lambrose, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM *

Antonio Slack appeals the district court's denial of his pre-AEDPA petition for *habeas* relief, arguing that he was denied effective assistance of counsel on two grounds and that the district court abused its discretion in refusing to hold an eviden-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

tiary hearing on his ineffective assistance claims. We affirm.

■ Slack claims that he was denied effective assistance of counsel because his counsel failed to conduct any investigation, or any interview, of Kamal Bey. We agree that Slack's counsel was ineffective for failing to interview or investigate Bey. *United States v. Tucker,* 716 F.2d 576, 583–86 (9th Cir.1983) (failure to interview or investigate two key government witnesses in the prosecution's case against the defendant fell below the level of competence and effective representation set by the Sixth Amendment); *see also Riley v. Payne,* 352 F.3d 1313, 1318–19 (9th Cir.2003) (failure to interview a witness who could have corroborated defendant's self-defense theory was unreasonable); *Sanders v. Ratelle,* 21 F.3d 1446, 1457 (9th Cir.1994) (failure to investigate witness that could have provided evidence of actual innocence was unreasonable).

■ However, Slack's counsel's performance did not prejudice his defense. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different). Even assuming that Bey was a critical witness for the prosecution, evidence already in the record substantially called his credibility into question. It is unlikely that the additional impeachment evidence would have changed the outcome. Moreover, under Nevada law, "[m]alice aforethought may be inferred from the intentional use of a deadly weapon in a deadly and dangerous manner" and is signified by "general malignant recklessness of others' lives and safety or disregard for social duty." *Keys v. State,* 104 Nev. 736, 766 P.2d 270, 271–72 (1988) (internal citation

and quotation marks omitted). Based on Slack's testimony alone that he was horsing around with Holmes with the gun in his hand, the jury could have inferred malice aforethought sufficient to convict Slack of second degree murder.

■ Slack's second claim of ineffective assistance of counsel, based on his attorney's introduction of evidence of a sexual relationship between Slack and the victim, is without merit. Slack's counsel's decision to ask Slack during direct examination about his relationship with Holmes can reasonably be seen as a tactical or strategic decision. *See, e.g., Morris v. California,* 966 F.2d 448, 456 (9th Cir.1992).

Finally, because we conclude that Slack cannot make out a colorable claim of ineffective assistance of counsel, no evidentiary hearing is warranted. *Siripongs v. Calderon,* 35 F.3d 1308, 1314 (9th Cir.1994).

AFFIRMED.